UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY HAWKINS,

       Petitioner,                       Case No. 4:16-cv-11657
                                                      Honorable Linda V. Parker

v.

ANDREA D'AMOUR,

       Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Jeffrey Hawkins ("Petitioner") filed this habeas case under 28 U.S.C. § 2254. Petitioner was the Fire Chief for the City of Pontiac. During an FBI investigation into corruption by Pontiac city officials, allegations surfaced that Petitioner attempted to solicit bribes from a bar. Petitioner subsequently was charged with two counts of public official accepting a bribe in violation of Michigan Compiled Laws § 750.118. A jury convicted Petitioner of one count and the state court sentenced him to 180 days in jail and four years of probation.

Petitioner raises two claims in support of his request for federal habeas relief: (1) ineffective assistance of trial counsel, and (2) insufficient evidence to establish that he was a public official. The Court finds that Petitioner's claims are without merit because they hinge on false premises. First, that the prosecutor was

required to prove that Petitioner's position as Fire Chief constituted public office. In fact, the question was one of state law for the state courts to decide. Second, that Petitioner's trial counsel delayed providing Petitioner a form to perfect his appeal of right. For these reasons, the Court is denying Petitioner habeas relief. The Court also is denying Petitioner a certificate of appealability.

## I. Background

At Petitioner's trial, Jose Santiago testified that he managed a bar in Pontiac. Santiago was cooperating with FBI special agents working on the corruption investigation when Petitioner serendipitously approached him for a bribe. Petitioner told Santiago that Santiago's bar had fire code violations, but a cash contribution of between $500 and $1000 would resolve the matter. (4/16/13 Trial Tr. at 40-50, ECF No. 8-5 at Pg ID 416-26.) Santiago informed FBI special agents about the meeting, and they gave him cash and a hidden voice recorder. Santiago subsequently recorded a conversation with Petitioner in which he paid Petitioner the money. The audio recording was played for the jury. (*Id.* at 85-102, Pg ID 461-78.)

FBI Special Agent Brett Leatherman testified that while acting in an undercover capacity he had a second meeting with Petitioner. Petitioner attempted to solicit a bribe from Leatherman. The meeting was recorded, and the audiotape was played for the jury. (4/19/13 Trial Tr. at 10-20, ECF No. 8-9 at Pg ID 892-

2

902.) Leatherman and other federal officers discovered that there were actually no relevant code violations.

Nearly every witness testifying at Petitioner's trial referred to him as the Fire Chief for the City of Pontiac. David Kotal, whose business repaired the city's fire trucks, testified that Petitioner was the fire chief and sent the trucks to him for repair. (4/18/13 Trial Tr. at 11-12, ECF No. 8-7 at Pg ID 670-71.) Darryl Fowlkes testified that he worked for the Pontiac Fire Department from November 1986 until January 30, 2012. (*Id*. at 14-15, Pg ID 674-75.) Fowlkes testified that Petitioner was the fire chief when he first started working in the department. (*Id.* at 17, Pg ID 676.) Vallard Gross testified that he was the Chief of Police for Pontiac and that Petitioner was the fire chief. (*Id*. at 51-52, Pg ID 710-11.) Karl Kubler testified that he worked on heating and cooling systems at the Pontiac Fire Department, and that Petitioner was the fire chief who contracted with him for services. (*Id*. at 63-64, Pg ID 722-23.)

Petitioner's trial counsel moved for a directed verdict of acquittal following the close of the prosecutor's proofs, arguing that no evidence was presented proving beyond a reasonable doubt that Petitioner's position as fire chief constituted public office. Citing double-jeopardy concerns, the trial court deferred ruling until after the jury reached a verdict.

The jury could not reach a verdict on the first count against Petitioner concerning the Santiago bribe, but found him guilty on the second count concerning the Leatherman solicitation. Petitioner renewed his motion for a directed verdict prior to sentencing, and the trial court denied it by order dated June 13, 2013. (ECF No. 8-13 at Pg Id 1045.)

Petitioner's appellate counsel filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising two claims:

> I.  Defendant was denied the effective assistance of counsel.
>
> II. The trial court erred by finding that the People had presented evidence on each and every element of the charged offense.

Petitioner also filed a motion to remand the case to the trial court for an evidentiary hearing on his ineffective assistance of counsel claim. The Michigan Court of Appeals denied Petitioner's delayed application "for lack of merit in the grounds presented," and denied the motion to remand. *People v. Hawkins*, No. 321158 (Mich. Ct. App. Sept. 22, 2014).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the court. *People v. Hawkins*, 872 N.W.2d 434 (Mich. 2015).

4

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims a state prisoner raises in a habeas action if the state courts adjudicated the claims on the merits. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. *Harrington v. Richter*, 562 U.S.86, 103 (2011). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.

## III. Analysis

### A. Sufficiency of the Evidence

The Court will discuss Petitioner's claims in reverse order because resolution of Petitioner's second claim against him undermines the basis for part of his first claim. In his second claim, Petitioner asserts that constitutionally insufficient evidence was admitted at trial to establish that he was a public official.

Petitioner argues that a person is a public official under Michigan law only if: (1) his position was created by state or municipal authority; (2) it possesses a delegation of that authority; (3) the duties are defined by law; (4) the duties are performed with a degree of independence; and, (5) the position has some permanency. *People v. Freedland*, 14 N.W.2d 62, 65 (Mich. 1944). Petitioner asserts that the *Freedland* factors are part of the required elements of the offense to be proven beyond a reasonable doubt to the jury. Respondent opposes the premise and asserts that a fire chief is a public official as a matter of law. (Resp. at 22 n.8, ECF No. 7 at Pg ID 76.)

"The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). The critical inquiry is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). Critically, however, the standard "must be applied with explicit reference to the substantive elements of the criminal offense *as defined by state law*." *Id.* at 324 n.16, emphasis added. What is essential to establish an element of a crime, like the question whether a given element is necessary at all, is a question of state law, for which federal habeas review is not available. *See Sanford v. Yukins*, 288 F.3d 855, 862 (6th Cir. 2002).

A threshold issue, therefore, is whether the *Freedland* factors set forth elements of the offense to be decided by the jury or are factors for the trial court to apply to decide whether a particular governmental position constitutes public office as a matter of law. If the *Freedland* factors are not elements of the offense, Petitioner had no due process right to have them proven beyond a reasonable doubt. *See McMillan v. Pennsylvania*, 477 U.S. 79, 84-91 (1986) (holding that the Due Process Clause does not guarantee a criminal defendant the right to a finding beyond a reasonable doubt of facts that are not elements of the crime); *In re Winship*, 397 U.S. at 361-64.

Petitioner's claim fails because the *Freedland* factors are not elements of the offense. In *People v. Coutu*, 589 N.W.2d 458 (Mich. 1999), the Michigan Supreme Court held that the "determination whether [a] defendant is a public officer [for purposes of the common-law offense of misconduct in office] is a question of law." *Id*. at 460. In *Coutu*, after examining relevant state statutes in light of the *Freedland* factors, the Michigan Supreme Court held that "a deputy sheriff *is* a public official for purposes of misconduct in office charges when the allegations supporting the charges arise from the performance of that deputy's official duties." *Id*. 462-63, emphasis added.

Accordingly, contrary to the premise on which Petitioner's claim rests, the *Freedland* factors are not elements of the offense which the prosecutor is required

to prove beyond a reasonable doubt.  Instead, it is for the state court to determine as a matter of state law whether the position held by a defendant constitutes public office.

Here, by denying Petitioner relief, it must be presumed that the state courts concluded that Petitioner's position as Pontiac Fire Chief made him a public official.  Though the state courts did not explicitly reject Petitioner's claim on this basis, on federal habeas review it is presumed that the state courts properly applied their own laws.  *See Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds*, *Ring v. Arizona*, 536 U.S. 584 (2002).  Thus, "when a habeas petition is predicated upon just one of several plausible interpretations of underlying state law, federal courts have declined to review state convictions on insufficiency-of-evidence grounds."  *Jenkins v. Dailey*, 348 F. App'x 114, 119 (6th Cir. 2009).

Because Petitioner's claim is premised on a misinterpretation of the required elements of the charged offense, he cannot demonstrate entitlement to habeas relief with respect to this claim.

### B.  Ineffective Assistance of Counsel

In his first ground for relief, Petitioner asserts that he was denied the effective assistance of counsel.  Specifically, Petitioner contends that his counsel

8

was ineffective by failing to: (1) perfect an appeal by right, and (2) properly brief and argue the post-conviction motion for a directed verdict.

Ineffective-assistance claims are reviewed under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a defendant to show that counsel's performance was deficient and that the deficient performance prejudiced the defense such that the defendant was denied a fair trial. *Id.* at 687.

Petitioner first asserts that his counsel deprived him of the opportunity to file an appeal of right by failing to timely send him the appeal form. The Supreme Court has held that counsel's failure to perfect a direct appeal that a defendant wishes to pursue is deficient performance. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The state court record does not support Petitioner's assertion regarding his counsel's untimely supply of the appeal form, however.

The state trial judge sentenced Petitioner on June 20, 2013. Petitioner asserts that on July 22, 2013, more than a month into the 42-day appeal of right period, he finally received a letter from his trial counsel containing the form to initiate his appeal by right, and that it was too late at that point to perfect an appeal of right. (*See* Pet.'s Aff. ¶ 3, ECF No. 1 at Pg ID 21-23.) Yet, immediately after sentencing Petitioner, the trial court expressly informed him of his "right to appeal [his] conviction and sentence" and of the requirement to file the proper form and request for appellate counsel within 42 days. (6/20/13 Tr. at 38, ECF No. 8-12 at

Pg ID 981.) The trial court directed Petitioner's attorney to give Petitioner a copy of the appeal rights form, and trial counsel stated, "I'm tendering to my client a copy." (*Id.*)

Petitioner's claim disregards the fact that he received the form enabling him to initiate his appeal by right on the day of sentencing. Petitioner asserts that he sent a letter to the trial court on July 20, 2013, inquiring among other things, how to file an appeal. (Pet.'s Aff. ¶ 3, ECF No. 1 at Page ID 21.) The record is silent on whether or how that request was transmitted to defense counsel, but counsel sent Petitioner what amounted to a second copy of the appeal form a mere two days later on July 22, 2013. (*Id.* ¶ 3, Pg ID 22.)

Petitioner's counsel did not perform deficiently where Petitioner was given the appeals form on the day of sentencing, and after he apparently misplaced it, trial counsel tendered another copy of the form two days after Petitioner sent his inquiry to the trial court. On this record, the claim was reasonably rejected by the Michigan Court of Appeals.

Next, Petitioner claims that his counsel was ineffective for failing to properly present his sufficiency of the evidence argument to the trial court. He asserts that a properly presented motion would have contained information showing that Petitioner was not a public official because he was only appointed as "acting" Fire Chief by a state-appointed emergency financial manager for the City

of Pontiac. Petitioner argues that his defense attorney should have informed the trial court that he did not take an oath of office and had no discretionary authority, rendering him an employee rather than an official under *Freedland*.

The problem with this claim is that all the materials Petitioner asserts defense counsel should have presented to the trial court were presented by Petitioner's appellate counsel to the Michigan Court of Appeals. Despite these materials, the state appellate court denied Petitioner's appeal for lack of merit. Petitioner therefore cannot demonstrate that counsel's asserted ineffectiveness caused him prejudice. There is no reasonable probability that the result of the proceeding would have been different because ultimately the Michigan Court of Appeals found that the claim—supported in the way Petitioner claims it should have been supported in the trial court—was without merit.

For these reasons, the Court concludes that Petitioner's ineffective assistance of counsel claims do not support his request for habeas relief.

## IV. Conclusion and Certificate of Appealability

In conclusion, the Court holds that Petitioner is not entitled to the writ of habeas corpus pursuant to § 2254. In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). A certificate of appealability is available only where the applicant shows that reasonable jurists could debate whether the petition should have been resolved in a

different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the Court's conclusion that Petitioner fails to demonstrate entitlement to habeas relief with respect to his claims because they are devoid of merit. Therefore, the Court declines to issue a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus is **DENIED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: July 11, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 11, 2018, by electronic and/or U.S. First Class mail.

                                              s/ R. Loury
                                              Case Manager